tected by the statute of limitations, the liability determined ] · the Commissioner was barred on July 21, 1924, and the deficiency for the year 1917 is disallowed.

---

Appeal of **FITCHBURG STEAM ENGINE**     Docket No. 433. **CO.**

Submitted December 10, 1924; decided December 23, 1924.

*Samuel Freedman, Esq.,* for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

The taxpayer appealed from a deficiency in income and profits taxes found by the Commissioner against it for the fiscal year ended April 30, 1920.

Counsel presented a stipulation by which the parties agreed that the Board shall determine the deficiency in the sum of $23.31, upon which the Board hereby makes the following

DECISION.

The deficiency is determined to be $23.31 and the balance of the deficiency determined by the Commissioner is disallowed.

---

Appeal of **PROPRIETORS OF THE**     Docket No. 299. **LOCKS AND CANALS ON MERRI-MACK RIVER.**

Submitted December 11, 1924; decided December 23, 1924.

*Samuel Freedman, Esq.,* for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

This appeal was based on a deficiency found by the Commissioner against the taxpayer in the amount of $9,818.64 for the years 1919, 1920, and 1921, and was set for hearing before the Board on November 18, 1924.

On November 6, 1924, the taxpayer moved the Board to grant a continuance of the hearing to December 11, 1924, in order that negotiations might be entered into with the Commissioner in an effort to arrive at an agreement of the amount of additional tax due for the years involved. In accordance with this motion the hearing was ordered continued to December 11, 1924. .

At the hearing of the case before the Board this date, at which hearing the taxpayer did not appear, the counsel for the Commissioner presented stipulations agreeing on the amount of the deficiency for the years involved as follows:

For 1919, $1,533.57; for 1920, $1,708.91; for 1921, $4,539.15.

### DECISION.

The Board determines that the amount of the said taxpayer's deficiency for the years 1919, 1920, and 1921, is $7,781.63, and the amount of the Commissioner's deficiency appealed from is accordingly allowed in part and disallowed in part.

---

## Appeal of GUTTERMAN STRAUSS CO.    Docket No. 234.

1. A taxpayer appealing to this Board may set up as a ground of appeal from a proposed additional assessment of income and profits taxes a right to a deduction from gross income not claimed in the original return or at any hearing before the Commissioner.

2. Upon the facts before the Board in this case it is held that the Commissioner is not entitled to demand a bill of particulars.

3. The Board has jurisdiction to determine whether there was a false or fraudulent understatement of income with intent to evade tax in any case and whether the penalty found by the Commissioner should be assessed, collected, and paid.

4. The Board has jurisdiction to hear and determine appeals from deficiencies arising under the "special assessment" provisions of the Revenue Act of 1918 (*Appeal of Oesterlein Machine Co.*, 1 B. T. A. 159).

Submitted November 15, 1924; decided December 29, 1924.

*Ferdinand Tannenbaum, Esq.*, for the taxpayer.

*C. H. Curl, M. B. Leming, A. B. Peterson*, and *L. S. Cannon, Esqs.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, JAMES, MARQUETTE, SMITH, and TRUSSELL.

This appeal came on for hearing on a motion filed by the Solicitor of Internal Revenue on behalf of the Commissioner for permission to withdraw his answer previously filed therein; to eliminate paragraphs 1 and 2 of the petition on the ground that the claim asserted was not made before the Commissioner; for an order requiring the petitioner to file a bill of particulars; to strike from the petition paragraph 6 thereof which alleges error on the part of the Commissioner in failing to apply the provisions of sections 327 and 328 of the Revenue Act of 1918 in computing the profits tax for the year 1919 on the ground that the Board has no jurisdiction; and to strike from the petition paragraph 5 thereof setting forth the claim that the Commissioner erred in adding to the deficiency in tax 50 per cent of the amount thereof on the ground that the question is outside of the jurisdiction of the Board and is a question of fact to be determined by the Commissioner.

### OPINION.

SMITH: This appeal is from a determination of a deficiency by the Commissioner in income and profits taxes for the year 1919, including therein an amount of 50 per cent of the deficiency in tax on account of an alleged false or fraudulent understatement of income with intent to evade the tax. The Commissioner first filed an